DORÉ, Judge
(dissenting).
The principal question involved in the case' is whether or not the defendant, acting through his agent, can be held guilty of negligence constituting the sole proximate cause of the accident, or a proximate cause of the accident. Naturally, if the truck driver of defendant was guilty of negligence which was the sole proximate cause of the accident, then both plaintiffs should recover. On the other hand, if the accident was caused by the joint negligence of plaintiff William Lawrence and the defendant’s truck driver, then, the claim of William Lawrence should be disallowed, but, since there is no contention that his negligence can be imputed to his wife, the other plaintiff, her demand should in that event be allowed. Of course, unless we can find manifest error in the con- *752 elusions of fact of the trial judge that the defendant’s truck driver was free of any negligence, wc should not disturb the judgment below.
Plaintiffs’ whole case is based on the theory or contention that defendant’s truck driver upon arriving at the intersection came'to a .complete stop and indicated his stop by a hand signal and that he therefore felt safe in entering the intersection with the idea of proceeding straight through. It may be noted that the trial judge in his written reasons for judgment makes no comment with reference to the testimony of the plaintiffs and their .witnesses in support of that contention. It necessarily follows that the trial judge did not believe the testimony of the plaintiffs and their witnesses to the effect that the defendant’s truck driver had stopped in such a manner as to, in effect, surrender his right of way to the plaintiffs. It may be noted also that plaintiffs in their original petition alleged as one of the acts of negligence of defendant’s truck driver, as follows :■
“In failing to stop before entering said intersection.”
It may be further observed that the defendant’s truck driver was approaching the intersection from the right of plaintiff and necessarily had the right of way and since, as testified by plaintiff himself, the defendant’s truck driver had arrived at the intersection before the plaintiff, and since, as testified also by plaintiff, the plaintiff had slowed down as he approached the intersection, it would seem that the defendant’s truck driver was entirely justified in proceeding in the intersection and making the left curve of Highway 190 without anticipating that the, plaintiff would also proceed into the intersection. Probably he did stop briefly at the intersection and that upon seeing' that the situation was safe he thereupon accelerated his truck to continue along Highway 190.
As observed by the trial judge, the impact occurred at a point on the north edge of the pavement which ran east and west and four dr five' feet west of the center line of the highway which ran north and south. It appears therefore that defendant’s' truck entered the intersection from the south and traveled completely across it to a point where the rear wheels of the tractor portion of the truck had reached the north edge of the pavement before the collision occurred, and the front wheels of the truck ■ had completely cleared the intersection. The trial court also estimated that the defendant’s truck, based on physical facts, had traveled thirty or thirty-five feet between the time it entered the intersection and the time of the impact and that plaintiff, on the other hand, could not have traveled more than five or six feet from the time he entered the intersection until the time of impact. The trial judge makes this further finding:
“The evidence indicates that the major portion of the traffic at this intersection follows the roirte of U. S. Highway 190. At the time defend-dant’s truck came to a stop immediately before entering the intersection, plaintiff’s truck was some distance from it, approaching at a relatively slow rate of speed. Under those circumstances, this Court does not believe that the driver of defendant’s truck was negligent in entering the intersection, or that he was under any obligation to yield the right-of-way at such intersection to plaintiff. There is nothing’ in the evidence to show that the driver of defendant’s truck failed to keep a proper lookout, and there was nothing in his actions to indicate that he had failed to do so.
“It was established, on the other hand, that plaintiff observed defendant’s truck as it approached the intersection, he saw it stop before entering the intersection and then he saw it as it started again and proceeded to cross the intersection. Plaintiff was several feet west of the intersection when defendant’s truck entered it. He testified that he was driving at a slow rate of speed, that his truck was in good condition, and that the brakes were in good working order. Under those circumstances it appears to this Court that plaintiff was obliged to slow down, stop, or in some other manner yield the right-of-way to defendant’s *753 truck, and his failure to do so constituted negligence on his part which was the proximate cause of the accident.'’
After due consideration of the pleadings and testimony, I am unable to find any manifest error in the conclusions of fact of the trial judge. The only way I could do so would be to give full credence to the testimony of the plaintiffs and their witnesses which I can not do for the reason that the trial judge who had the benefit of observing these witnesses on the witness stand could not do so and for the further reason that the testimony is contrary to the physical facts of the case. Like the trial judge it is my conclusion that the sole proximate cause of: the accident was the failure of plaintiff Lawrence to stop and yield the right of way to the defendant’s truck driver. At least, I do not feel that the plaintiffs have sustained the. burden of proving, to a legal certainty that the defendant’s truck driver was guilty of negligence which was a proximate cause of this accident.
Furthermore, like the trial judge, I am of the opinion that the plaintiff William Lawrence was guilty of negligence, which negligence was, at least, a proximate cause of the accident; hence he should not recover.
I therefore respectfully dissent.